IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Wilkes-Barre Division)

| | | |
|---|---|---|
| In re MARK S. GELBS,<br>aka MARK GELBS,<br>aka MARK STEVEN GELBS,<br><br>Debtor. | : : : : : : : | CASE NO. 5:22-bk-01871-MJC<br><br>CHAPTER 7 |
| MARK S. GELBS,<br>aka MARK GELBS,<br>aka MARK STEVEN GELBS,<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE TREASURY,<br>(Internal Revenue Service),<br><br>Defendant. | : : : : : : : : : : : : : : : : | Adv. Proc. # _____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF INCOME TAXES AND SETTING ASIDE TAX LIENS**

AND NOW COMES, MARK S. GELBS (the "Debtor"), by and through his undersigned attorney, and files this adversary complaint to determine dischargeability of federal income taxes, penalties, and interest owed by the Debtor for the tax years 2007, 2008, 2010, 2011, 2012, 2013, 2017, 2018, and in support thereof avers:

1. Plaintiff is the Debtor in the instant bankruptcy case having filed a petition for relief under chapter 13 on September 29, 2022, which case subsequently converted to a case under chapter 7 on May 10, 2024.

2. Defendant is the United States of America, Department of the Treasury (Internal Revenue Service).

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Defendant filed a third amended proof of claim in the case on February 23, 2023. See [3-4] of the court's claims register asserting a total claim as of that date of $129,866.99 (the "POC").

## COUNT I – Dischargeability of Debtor's Income Taxes

5. Upon information and belief, the portions of the Debtor's tax obligations, including penalties, and interest for several of the tax years set forth in the POC are dischargeable pursuant to 11 USC 523(a)(1)(A) and 11 U.S.C. §507(a)(8)(A)(I), because all of the following apply:

   a. the tax obligations in applicable taxable years which returns were due three years before the date of filing of Debtor's Bankruptcy Petition in this case;

   b. the returns for the subject tax years described below were filed more than two years prior to the filing of the bankruptcy petition commencing this case;

   c. there were no IRS assessments for the taxes within 240 days or less prior to the filing of Debtor's bankruptcy petition for which Debtor is requesting discharge in the following paragraph; and

   d. Debtor committed no fraud in connection with said taxes.

6. The following taxes, penalties, or interest for the stated tax years, plus additional accruals since Defendant's filing of the POC, ought to be deemed discharged:

| Tax Year | Description of Dischargeable Charges As To Debtor | Amount Asserted In POC Subject to Discharge (Plus Add'l Accruals Since POC Filing Should be Discharged) |
|---|---|---|
| 2007 | Taxes, penalties, and interest | $ 15,658.77 |
| 2008 | Taxes, penalties, and interest | $ 10,165.15 |
| 2010 | Taxes, penalties, and interest | $ 7,471.44 |
| 2011 | Taxes, penalties, and interest | $ 18,401.09 |
| 2012 | Taxes, penalties, and interest | $ 19,925.75 |

| 2013 | Taxes, penalties, and interest | $ 8,238.07 |
| 2017 | Penalties, and interest on penalties | $ 13,370.52 |
| 2018 | Penalties, and interest on penalties | $ 2,201.19 |

WHEREFORE, the Debtor respectfully requests that this Court enter an Order granting the relief requested in this Count I, declaring that the subject taxes and charges are discharged, subject to the parties' submission of a stipulation settling the matter, and granting such other and further relief as may be just.

## COUNT II – Setting Aside Tax Liens

7. Plaintiff repeats, realleges and reiterates each and every allegation contained paragraphs "1" through "6", inclusive, of this Complaint with the same force and effect as if fully set forth at length herein.

8. In its POC, Defendant notes that it has secured claims, meaning that tax liens have been filed.

9. Any such Federal Tax Liens, to the extent that they currently exist and may be enforceable, may cloud the title of Plaintiff's property that are exempt, and may further cloud the title of any property hereafter acquired by the Plaintiff.

10. To the extent that such liens cloud title of the Debtor's property upon a debt that is discharged in this chapter 7 case, such liens should be set aside. Furthermore, the value of the Debtor's assets on the date of the commencement of this case do not support the total claim owed to Defendant. The liens should not attach to any assets acquired by the Debtor post-petition.

11. Accordingly, upon determination by the Court that the tax obligations set forth in Count I are not excepted from discharge, and determining that such debts are dischargeable, any liens based upon such tax obligations should be set aside, and deemed of no further effect.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order granting the relief requested in this Count II, setting aside all Federal Tax Liens based upon income tax obligations, and be deemed of no further effect, and granting such other and further relief as may be just.

Dated: August 8, 2024   Respectfully submitted,

STEVEN R. SAVOIA, Attorney at Law

By:     /s/ Steven R. Savoia
       Attorney ID # 92253
       621 Ann Street, Lower Rear
       P.O. Box 263
       Stroudsburg, PA 18360
       Telephone No.: (570) 972-2060
       Facsimile No.:  (570) 338-3499
Attorney for Debtor, Mark S. Gelbs